The Brooklyn Savings Bank, Appellant, *v.* The Joseph Wechsler Estate and Others, Defendants, Impleaded with Louis Wechsler, Individually and as Executor, etc., of Abram Wechsler, Deceased, and as Administrator, etc., of Barbara Wechsler, Deceased, and Others, Respondents.

First Department, June 24, 1931.

*Ira L. Anderson* of counsel [*Snedeker & Snedeker,* attorneys], for the appellant.

*Sidney Rossman,* for the respondent.

McAvoy, J. Plaintiff brought action to foreclose a mortgage upon real property located in New York county and for a deficiency judgment against certain defendants who are legatees of the maker

of the bond, to secure the payment of which the mortgage was executed, and the personal representatives of such of the legatees as have died.

On October 31, 1894, one Joseph Wechsler executed and delivered to the plaintiff a bond conditioned for the payment to the plaintiff of $100,000 and interest on October 31, 1895. On the same day, and as collateral security for the payment of the bond, Joseph Wechsler and his wife, Barbara Wechsler, executed and delivered to the plaintiff a mortgage on certain premises in New York county.

Joseph Wechsler, the maker of the bond, died on October 21, 1896, leaving a will which was admitted to probate in Kings county, N. Y. Under the provisions of his will, the testator devised and bequeathed, in certain shares and upon certain trusts therein mentioned, all his property to his widow, Barbara Wechsler, and to his children, Aaron J. Wechsler, Louis Wechsler, Abram Wechsler, Emanuel Wechsler, Philip Wechsler and Madeline Wechsler, otherwise known as Mattie Wechsler, now Madeline W. Schiff.

Aaron J. Wechsler, son of Joseph Wechsler, died in 1899, leaving a will which was admitted to probate in Kings county, N. Y., and by which he devised and bequeathed all of his property to his mother, Barbara Wechsler, widow of Joseph Wechsler, deceased. Barbara Wechsler was named as executrix of the will.

Barbara Wechsler died intestate on January 29, 1906. No person has been appointed administrator with the will annexed of the estate of Aaron J. Wechsler, deceased.

Barbara Wechsler and William J. Gaynor served as executors and trustees under the will of Joseph Wechsler from November 9, 1896, up to the time of Barbara's death.

Louis Wechsler was appointed administrator of Barbara Wechsler. She left her surviving as her only next of kin, Louis Wechsler, Abram Wechsler, Emanuel Wechsler, Philip Wechsler and Madeline W. Schiff. The administrator paid over and delivered all the personal property of her estate to her next of kin.

Abram Wechsler died on April 21, 1926, leaving a will which was admitted to probate in New York county, and under which the defendants Sidney Rossman, Louis Wechsler and Philip Wechsler were named as executors. Letters testamentary were issued to them on May 19, 1926. These letters are still in full force and effect.

During the time that Barbara Wechsler and William J. Gaynor acted as executors and trustees under the will of the said Joseph Wechsler, deceased, they paid to said Barbara Wechsler, his widow, and to his children large sums of money, aggregating about $300,000.

None of the assets of the estate of Joseph Wechsler were delivered by the executors or trustees, or by any other person, to the surviving wife or next of kin of said Joseph Wechsler as such, but all of the assets of his estate, after the payment of debts and administration expenses, were delivered to the legatees and devisees named in his will and the personal representatives of such of them as were dead.

On May 15, 1906, Louis Wechsler, Abram Wechsler, Emanuel Wechsler, Philip Wechsler and Madeline W. Schiff, children of Joseph Wechsler, deceased, being the then owners of the mortgaged premises, conveyed the same to the defendant The Joseph Wechsler Estate, organized under the Business Corporations Law of New York in March, 1906. The stock of this corporation has at all times consisted of 100 shares of the par value of $100 each, and was issued in equal amounts to the five persons who conveyed the premises to it. The consideration paid by each of them for the stock consisted, in part, of the conveyance by them to the corporation of all real property which at the date of incorporation constituted part of the assets of the estate of said Joseph Wechsler, including the premises covered by the mortgage which is now being foreclosed. The only transfer of stock which has taken place since the organization of the corporation was that on December 21, 1926, subsequent to the death of Abram Wechsler, his twenty shares were transferred in three equal parts to the defendants Louis Wechsler, Philip Wechsler and Madeline W. Schiff.

The directors of the corporation at the time of its organization were Louis Wechsler, Abram Wechsler, Philip Wechsler, Emanuel Wechsler and Madeline W. Schiff. Its officers were Louis Wechsler, president; Abram Wechsler, secretary; and Philip Wechsler, treasurer. The only changes in its officers since incorporation were as follows: In January, 1912, Abram Wechsler was elected to the position of vice-president. Shortly after the death of Abram Wechsler, and on May 3, 1926, defendant Philip Wechsler was elected vice-president in place of Abram Wechsler, and Sidney Rossman was director and secretary in place of Abram Wechsler.

Certain of the equities in real property conveyed to the defendant The Joseph Wechsler Estate by the devisees under the will of said Joseph Wechsler, deceased, have since been sold at prices largely in excess of their value at the time of the death of said Joseph Wechsler. The mortgage has been reduced from $100,000 to $90,000. No interest has been paid since that which was due on April 1, 1928, and no part of the principal sum has been paid except $10,000, as above stated.

From the time of the execution of the bond and mortgage until the death of Joseph Wechsler in 1896, interest thereon was paid

by him. After his death and until 1906, when the premises were conveyed to the defendant corporation, The Joseph Wechsler Estate, interest on the bond and mortgage was paid by the executors of his will. Since the conveyance of the mortgaged premises to the corporation, interest on the bond and mortgage has been paid by the corporation down to April 1, 1928. The checks made by the corporation in payment of interest were each signed by the defendants Louis Wechsler and Philip Wechsler, president and treasurer, respectively, of the defendant corporation.

All of the living legatees under the will of Joseph Wechsler, deceased, were made parties defendant, and judgment for deficiency was prayed against them. The personal representatives of all of the legatees who have died were made defendants and judgment for deficiency was prayed against them, except that there is no personal representative of Aaron J. Wechsler.

The only defendants who have answered are the legatees of Joseph Wechsler, deceased, maker of the bond and mortgage, and the personal representatives of Barbara Wechsler and Abram Wechsler, legatees. In their answer they deny certain of the allegations and plead the ten-year and the twenty-year Statutes of Limitations.

The plaintiff by its reply alleged the payment of interest upon the bond and mortgage within twenty years before the commencement of this action, and within ten years before.

No controversy exists as to the facts, which are stipulated in effect as above recited.

No objection was made by any of the defendants to a judgment of foreclosure and sale. The only question submitted to the court was whether the plaintiff was entitled to a personal judgment against any of the defendants in the event of a deficiency after a sale of the mortgaged premises.

As the original instrument was under seal, the time to commence action is, by section 47 of the Civil Practice Act, twenty years from the time the cause of action accrued.

We consider that the conclusion ought to be that the payments of interest made by Joseph Wechsler, the maker of the bond, and the executors of his will, and by the defendant corporation, The Joseph Wechsler Estate, were such as under the circumstances to take the case out of the Statutes of Limitations.

There was no actual change after the conveyance to the corporation of the real property; merely a change of legal title to the real estate. It was still operated, managed, controlled and owned by the same persons as before the organization of the corporation. The individual defendants were aware of the payments of interest made by the corporation to plaintiff.

We think that it is equitable to hold the individual defendants responsible for the acts of the corporation in making the payments of interest and thus reviving the debt against the statutes' bar.

The judgment so far as appealed from should be reversed, with costs, and judgment directed in favor of the plaintiff on the contested issue as to judgment for deficiency, with costs.

FINCH, P. J., and TOWNLEY, J., concur; MARTIN and O'MALLEY, JJ., dissent.

O'MALLEY, J. (dissenting). I dissent and vote for affirmance. In the circumstances here presented the corporate entity may not be disregarded.

MARTIN, J., concurs.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff on the contested issue as to judgment for deficiency, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.